UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR., an
individual,

           Plaintiff,

        v.

ASCENTIVE, LLC, a Delaware
Limited Liability Company,

           Defendant.

No. CV-05-5079-FVS

ORDER DENYING MOTION TO
DISMISS FOR LACK OF
JURISDICTION

**BEFORE THE COURT** is Defendant's Motion to Dismiss for Lack of
Jurisdiction, Ct. Rec. 10, and Defendant's Motion to Strike Portions
of the Declaration of James Gordon, Jr., Ct. Rec. 26.  The Court
heard oral argument on December 9, 2005.  Defendant was represented
by Floyd Ivey.  Plaintiff was represented by Douglas McKinley.

**I.    BACKGROUND**

    Defendant, Ascentive, LLC, is a Delaware limited liability
company that makes personal computer software.  The company has a web
site through which its customers can purchase its products.
Customers can also call the telephone number on the web site and
place an order.  Defendant's principle place of business is
Philadelphia, Pennsylvania, and it does not have an office in
Washington.

    Plaintiff, James Gordon, is a Washington resident and the

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 1

registered user of the internet domain name "Gordonworks.com."
Plaintiff alleges Defendant violated Washington's Commercial
Electronic Mail Act, RCW § 19.190 et seq., and Washington's Consumer
Protection Act, RCW § 19.86 et seq., by initiating and/or conspiring
with others to initiate unsolicited commercial emails to Plaintiff.
Complaint, at ¶ 2.3.

**II.  DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint under Federal
Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.
Defendant also moves to strike a portion of Plaintiff's declaration
submitted in opposition to Defendant's motion to dismiss.

**A.  *Motion to Strike***

Defendant moves to strike the following statement from
Plaintiff's declaration submitted in opposition to Defendant's motion
to dismiss:  "I subsequently received over 500 email messages sent by
the Defendant and/or others acting on behalf of the Defendant, each
of which advertised the Defendant's software products."  Declaration
of James S. Gordon, Jr., at ¶ 5.  Defendant moves to strike this
statement on the basis that it "comprises legal conclusions,
statements of opinions, is without foundation, does not demonstrate
personal knowledge or show competency to provide such testimony."
The Court determines Plaintiff is competent to testify that he
received email messages from the Defendant and such testimony would
be within Plaintiff's personal knowledge.  But Plaintiff does not
have personal knowledge as to whether someone, acting on behalf of
the Defendant, sent Plaintiff emails.  Thus, the Court strikes the

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 2

following portion from Plaintiff's statement:  "and/or others acting on behalf of Defendant."

### B.    Procedure for Resolving Jurisdiction Dispute

Plaintiff bears the burden of establishing that personal jurisdiction exists.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)(citation omitted).  Where, as here, the Court is asked to resolve the motion on the parties' briefs and affidavits, rather than hold an evidentiary hearing, Plaintiff need only make a prima facie showing of personal jurisdiction.  *Rano v. Sipa Press, Inc.*, 987 F.2d 580 n. 3 (9th Cir. 1993).  "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quotations and citation omitted).  In determining whether Plaintiff has made a prima facie showing, the Court is bound by the following principles: (1) uncontroverted allegations in Plaintiff's Complaint are taken as true; (2) conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor; and (3) all evidentiary materials are construed in the light most favorable to Plaintiff. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

### C.    Governing Law

The Court's exercise of personal jurisdiction over a nonresident must comport both with Washington's long-arm statute and with federal constitutional requirements of due process.  *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  Washington's long-arm statute confers personal jurisdiction to the extent federal

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 3

due process allows. *Id.* at 1405. Thus, the jurisdictional inquiry collapses into a single analysis of due process. *Id.* Absent traditional bases for personal jurisdiction (physical presence, domicile or consent), due process requirements are satisfied when the defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d (1984)(quotations omitted) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). Personal jurisdiction may be general or specific. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)(citations omitted).

### D. *General Versus Specific Jurisdiction*

General jurisdiction over a nonresident defendant exists when the defendant's activities in the state are "so substantial and continuous that justice allows the exercise of jurisdiction even for claims not arising from the defendant's contacts with the state." *Raymond v. Robinson*, 104 Wash. App. 627, 633, 15 P.3d 697, 699 (Div. 2, 2001); *Helicopteros Nacionales*, 466 U.S. at 414-16, 104 S.Ct. at 1872. RCW 4.28.080(10) authorizes general jurisdiction over a nonresident defendant if the defendant is transacting substantial and continuous business within Washington. *See e.g., Hein v. Taco Bell, Inc.*, 60 Wash. App. 325, 38-29, 803 P.2d 329 (1991) (noting that RCW 4.28.080(10) creates general jurisdiction). On the other hand, specific jurisdiction requires a showing that the Defendant purposely established significant contacts with Washington, and that the cause

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 4

of action arises out of or is related to those contacts.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-73, 105 S.Ct. 2174, 2181-83, 85 L.Ed.2d 528 (1985).  Specific jurisdiction is created by RCW 4.28.185.  *See e.g., Raymond*, 104 Wash. App. at 636-37, 15 P.3d at 701-02 (2001).

In the present case, neither party addresses the distinctions between general and specific jurisdiction.  Therefore, since the assertion of specific jurisdiction requires a lower threshold of contacts than does general jurisdiction, the Court only addresses whether it can exercise specific jurisdiction.  Plaintiff argues jurisdiction exists under Washington's long-arm statute, RCW 4.28.185(1)(a), because Defendant regularly transacts business within the State of Washington. Complaint, at ¶¶ 2.1 and 2.2.  RCW 4.28.185(1)(a) provides in part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of the said acts:
> (a) The transaction of any business within this state.

To establish that specific jurisdiction exits under the transaction of business portion of Washington's long-arm statute, RCW 4.28.185(1)(a), Plaintiff must establish three factors: (1) Defendant must have purposefully done some act or consummated some transaction in Washington; (2) Plaintiff's cause of action must arise from, or be connected with, such act or transaction; and (3) the exercise of jurisdiction must be reasonable in that it must not offend traditional notions of fair play and substantial justice.  *Raymond*,

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 5

104 Wash.App. at 637, 15 P.3d at 702 (citing *Shute v. Carnival Cruise Lines*, 113 Wash.2d 763, 767, 783 P.2d 78 (1999)).  Plaintiff bears the burden of satisfying the first two prongs of the test, and if he succeeds, the burden shifts to Defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

### 1.    **Purposeful Act**

To satisfy the first factor, Plaintiff must establish that Defendant purposefully availed itself of the privilege of conducting activities in Washington state, thereby invoking the benefits and protections of its laws.  *Raymond*, 104 Wash. App. at 636, 15 P.3d at 702; *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183.  The focus of this inquiry is on the quality and nature of Defendant's activities in Washington, rather than the number of acts within the state or some other mechanical standard.  *Raymond*, 104 Wash. App. at 636, 15 P.3d at 702.  (citation omitted).  This protects against a non-resident defendant being haled into local courts solely as the result of "random, fortuitous or attenuated" contacts.  *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183.

Here, Plaintiff alleges the Court should exercise specific jurisdiction over Defendant because the Defendant allegedly sent multiple commercial email messages to Plaintiff.  Plaintiff further alleges Defendant had actual knowledge that Plaintiff was a Washington resident and that Defendant's emails violated Washington law.  To support this argument, Plaintiff points to the following

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 6

email he received from Mr. Schram, Manager of Ascentive.  The email

reads, in pertinent part:

> Thank you for forwarding your spam complaint.  As a
> software company based in Philadelphia, we have a number of
> marketers that buy advertising to promote our software.  We
> are totally opposed to UCE (we rarely email our own
> customers) and terminate partners that receive well-
> grounded UCE complaints.  For example, see
> http://www.ascedntive.com/run/click/karizma
>
> We have terminated over 20 partner accounts for spamming to
> date.  Could you please forward the entire original email,
> if you still have it, in HTML format (if that's how you
> received it?) So we can investigate the source of the
> email.  I have on my desk the message headers for the UCE's
> you received.  Please feel free to call me at the # below
> if you have any questions.
>
> Best regards,
>
> Adam Schran, CEO
> Ascentive - http://www.ascentive.com

Plaintiff received this email in response to a letter he wrote

informing Defendant that Plaintiff was a Washington resident who was

receiving commercial email messages sent by Defendant.  Plaintiff

alleges that after this exchange between the parties, he

"subsequently received over 500 email messages sent by the Defendant

... each of which advertised the Defendant's software products."

Declaration of James S. Gordon, Jr., at ¶ 5.

Although Defendant denies sending commercial emails to

Plaintiff, conflicts between the facts contained in the parties'

affidavits must be resolved in Plaintiff's favor.  *Ochoa*, 287 F.3d at

1187.  Plaintiff's declaration demonstrates the existence of facts

that, if proven, are sufficient to satisfy the purposeful availment

requirement for the exercise of personal jurisdiction.  Assuming the

truth of the allegations in Plaintiff's Complaint, Defendant was

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 7

"doing business" in Washington when it sent unsolicited commercial emails advertising its products to Plaintiff in an attempt to solicit business for its website.  Thus, Defendant committed a purposeful act that occurred in Washington, just as if it had sent a letter to Plaintiff advertising a particular product or service.  Further, Plaintiff has alleged Defendant sent these emails after being notified that Plaintiff was a Washington resident and that the emails were in violation of Washington law.  Therefore, Defendant should have reasonably expected to be haled into a court in Washington for violation of its laws.  Thus, the Court concludes Plaintiff has made a prime facie showing that Defendant purposefully availed itself of doing business within Washington state.

**2.    Arising From**

Washington courts apply the "but for" test to determine whether a claim against a nonresident business arises from, or is connected with, its solicitation of business within Washington, thereby satisfying the second prong of the specific jurisdiction test. *Raymond*, 104 Wash. App. at 640, 15 P.3d at 703 (citations omitted). This factor is established if the events giving rise to the claim would not have occurred "but for" the defendant's actions within the forum state.  *Id.*  The "but for" test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum state.  *Id.*

Here, Plaintiff has satisfied the "but for" test since it is the very act of sending commercial emails to Plaintiff at a Washington email address that gives rise to Plaintiff's cause of action under

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 8

RCW 19.190 et seq.  Thus, Plaintiff's cause of action arises from Defendant's actions in Washington state.

### 3.    **Personal Jurisdiction is Reasonable**

Finally, due process requires that the exercise of personal jurisdiction over a nonresident defendant be reasonable.  Defendant bears the burden of demonstrating unreasonableness and must put on a "compelling case." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991); *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2185. However, Defendant has not met this burden and the Court is unaware of any factors demonstrating a compelling case for why the Court's exercise of personal jurisdiction over Defendant would be unreasonable.

## III. CONCLUSION

Plaintiff has established a prima facie case that specific jurisdiction exits under the transaction of business portion of Washington's long-arm statute, RCW 4.28.185(1)(a).  Thus, Plaintiff's allegations set forth in his declaration are sufficient to avoid a motion to dismiss. *Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is denied.  However, since the affidavits submitted by Defendant raise disputed questions of fact with regard to jurisdiction, the Court has the discretion to hold an evidentiary hearing prior to a trial on the merits in order to resolve the contested issues. *Stewart v. Ragland*, 934 F.2d 1033, 1036 n. 5 (9th Cir. 1991).  In that situation, Plaintiff would bear the burden of proving facts supporting the exercise of personal

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 9

jurisdiction by a preponderance of the evidence. *Data Disc*, 557 F.2d at 1285. Since the jurisdictional issues here are intertwined with the merits, the Court will determine the jurisdiction issue at trial, where Plaintiff "may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits." *Id.* at 1285 n. 2.

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss for Lack of Jurisdiction, **Ct. Rec. 10**, is **DENIED.**

2.  Defendant's Motion to Strike Portions of the Declaration of James Gordon, Jr., **Ct. Rec. 26**, is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>15th</u> day of December, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 10