UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>ASCENTIVE, LCC, a Delaware limited liability company; ADAM SCHRAN, individually and as part of his marital community; JOHN DOES I-X,<br><br>            Defendants. | No. CV-05-5079-FVS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss the First Amended Complaint, Ct. Rec. 98.  The Plaintiff is represented by Robert J. Siegel.  The Defendants are represented by Floyd E. Ivey.

**BACKGROUND**

The Plaintiff, James S. Gordon, is a Washington resident and the registered user of the internet domain name "gordonworks.com."  The Defendants are Ascentive, LLC ("Ascentive"), a Delaware Limited Liability Company, and its manager, Adam Schran.  Ascentive makes and markets personal computer software.  Customers purchase Ascentive's software by accessing Ascentive's website, making an online payment, and then either downloading the software or paying to have it shipped.

The Plaintiff initiated the present lawsuit on July 20, 2005,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 1

alleging that Ascentive violated Washington's Commercial Electronic Mail Act ("CEMA"), RCW § 19.190 et seq., and Washington's Consumer Protection Act ("CPA"), RCW § 19.86 et seq., by sending unsolicited commercial emails to various addresses at Plaintiff's domain, "gordonworks.com."  On April 12, 2006, the Court granted the Plaintiff's request to amend the Complaint to include claims under the Federal CAN-SPAM Act (15 U.S.C. § 7701 et seq.), Washington's Deceptive Offers statute (RCW § 19.170), and Washington's Identity Crimes statute (RCW § 9.35).  The Court also gave the Plaintiff leave to name additional an defendant, Adam Schran, the CEO and managing member of Ascentive.  (Ct. Rec. 84.)  The Plaintiff filed his First Amended Complaint ("FAC") on April 13, 2006.  The Defendants now move to dismiss the FAC on a variety of grounds.

**DISCUSSION**

**I.   SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Under section 1332, the federal district courts have original jurisdiction to hear civil cases where the parties are citizens of different states and more than $75,000 is in controversy.  The Plaintiff is a Washington resident.  The Defendants are a Delaware limited liability company and a citizen of the State of Pennsylvania.  FAC ¶¶ 1.1-1.5.  The Plaintiff alleges more than $75,000 in damages.  FAC ¶ 2.5.  Subject matter jurisdiction is therefore proper in this case.

**II.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 2

dismiss a complaint that fails to state a claim upon which relief can be granted.  Such dismissal is proper, "only when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Siaperas v. Mont. State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir. 2007).  For the purposes of a 12(b)(6) motion, all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007)(internal citations omitted).  However, the Court is not required to accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  "In practice, a complaint must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 127 S. Ct. at 1969(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)(ellipsis and emphasis in original).

The parties have submitted a number of declarations in support of their briefing on the motion to dismiss.  A court may not generally consider material beyond the pleadings in ruling upon a motion to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 3

dismiss. *Thompson v. Davis*, 295 F.3d 890, 896 n.3 (9th Cir. 2002). If the Court were to rely on the declarations submitted by the parties, the Court would be obliged to convert the motion to dismiss into a motion to for summary judgment. *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n.4 (9th Cir. 1989). This the Court declines to do, as the proper time for consideration of declarations is generally at summary judgment, after both parties have had an opportunity to conduct discovery. The Defendants' Motion to Strike Portions of the Declaration of James S. Gordon, Jr., is therefore moot.

**III. COMMERCIAL ELECTRONIC MAIL ACT**

Under Washington's Commercial Electronic Mail Act ("CEMA"), it is illegal to transmit email that misrepresents its point of origin, misrepresents its transmission path, or contains false information. Wash. Rev. Code § 19.190.020. The statute authorizes an individual who receives emails that violate CEMA to bring an action to recover damages. Wash. Rev. Code § 19.190.040(1). Interactive computer services injured by such emails may also recover damages. Wash. Rev. Code § 19.190.040(2). An "interactive computer service" is,

> any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the internet and such systems operated or services offered by libraries or educational institutions.

Wash. Rev. Code § 19.190.010(8). The statute provides separate definitions for "domain name" and "web page." Wash. Rev. Code § 19.190.010 (10), (13). CEMA further provides that it is illegal to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 4

use email to induce a person to provide identifying information. Wash. Rev. Code § 19.190.080. Private individuals may bring civil actions for damages for violations of this subchapter. Wash. Rev. Code § 19.190.090(1). The owner of a web page who has been "adversely affected" by a violation of Section 19.190.80 may also bring suit. Wash. Rev. Code § 19.190.090(2).

The Defendants argue that Gordon, as an individual bringing suit on behalf of himself, does not have standing to pursue his CEMA claim because he does not qualify as an "interactive computer service." The Plaintiff responds that Gordon qualifies as an interactive computer service because he makes information available to thousands of computer users on his website. The Court does not find either party's briefing on this issue persuasive. The parties have neither cited case law nor defined the technical terms at issue in the definition. If the interpretation of the term "interactive computer service" presents a question of first impression, analysis beyond recitation of the statutory language will be necessary.

Moreover, even if the Plaintiff does not qualify as an interactive computer service, he may still seek recovery under Section 19.190.020 for those emails he received personally. He may also seek recovery for the injuries he suffered personally and the adverse effects the Defendants' conduct had on him as a provider of internet access service under Section 19.190.080. Dismissal of the Plaintiff's CEMA claim is therefore denied.

**IV.  CONSUMER PROTECTION ACT**

In order to state a cause of action under Washington's Consumer

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 5

Protection Act ("the CPA"), a plaintiff must allege five elements:

> (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) the injury must be causally linked to the unfair or deceptive act.

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 785-86, 719 P.2d 531, 535-37 (Wash. 1986). Conduct that violates CEMA constitutes "an unfair or deceptive act in trade or commerce" for the purposes of the CPA. Wash. Rev. Code § 19.190.100.

The Defendants imply that the Plaintiff lacks standing to bring his CPA claims because Gordon does not qualify as an interactive computer service. Given that the Defendants have failed to persuade the Court that the Plaintiff is not an interactive computer service, the Plaintiff may yet be able to prove that the Defendants engaged in an unfair or deceptive trade practice by violating CEMA. Dismissal of the Plaintiff's CPA claim is therefore inappropriate.

**V.    THE CAN-SPAM ACT**

The Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") attempts to decrease the problems associated with commercial electronic mail by prohibiting a number of emailing practices. 15 U.S.C. § 7701 *et seq.* While CAN-SPAM is generally enforced by the Federal Trade Commission, providers of "internet access service" may also seek relief under CAN-SPAM. 15 U.S.C. § 7706(g)(1). For the purposes of CAN-SPAM, "'Internet access service' has the meaning given that term in section 231(e)(4) of the Communications Act of 1934." 15 U.S.C. § 7702(11). The Communications Act defines "internet access service" as

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 6

> a service that enables users to access content, information, electronic mail, or other services offered over the Internet, and may also include access to proprietary content, information, and other services as part of a package of services offered to consumers. Such term does not include telecommunications services.

47 U.S.C. § 231(e)(4).

The Defendants argue that the Plaintiff does not have standing to bring claims under CAN-SPAM because Gordon, as an individual bringing suit on behalf of himself, is not an internet access service. The Plaintiff responds that he is an internet access service because, as the sole proprietor of gordonworks.com, he enables the site's users to access content and email on the Internet.

The Court is not persuaded that dismissal of the Plaintiff's CAN-SPAM claim is appropriate. The parties agree that CAN-SPAM defines "internet access service" in terms of what the entity in question does rather than in terms of the entity's ownership structure. The Plaintiff has made a logical argument that his activities qualify him under this definition. In contrast, the Defendants have not provided any analysis in support of their argument that an individual who operates a domain name may not qualify as an internet access service. While the Defendants do point to a secondary source that supports their position, the persuasive value of this unbinding authority is negated by the absence of analysis. Dismissal of the Plaintiff's CAN-SPAM claim at this stage of the litigation would be premature.

**VI. THE PRIZE STATUTE**

Washington's Prize Statute prohibits the deceptive promotional advertizing of prizes. Wash. Rev. Code § 19.170.010 *et seq.* "A

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 7

person who suffers damages" as a result of such advertising practices may bring a cause of action to recover damages.  Wash. Rev. Code § 19.170.060.  The FAC alleges that the Defendants transmitted emails that violated the Prize Statute in unspecified ways.  FAC ¶¶ 4.3.1-4.3.2.  However, the FAC does not allege that the Plaintiff suffered damages as a result of Defendants' alleged violations of the Prize Statute.  The absence of this necessary element requires dismissal of the Prize Statute claim unless the Plaintiff is granted leave to amend the FAC.

Although the Plaintiff has not moved to amend the FAC, the Court deems it just to grant the Plaintiff leave to allege damages under the Prize Statute.  This change will not prejudice the Defendants, as the FAC gave them notice that the Plaintiff intended to pursue a claim under the Prize Statute.  Nor will amending the FAC to allege damages under the Prize Statute prove futile, as this amendment will save the Prize Statute claim from dismissal.

**VII. VAGUENESS**

Under the notice pleading requirements of the Federal Rules of Civil Procedure, a complaint in a civil suit must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R. Civ. P. 8(a)(1).  "The 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 1634, 161 L. Ed. 2d 577, 588 (2005)(citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80, 85 (1957)).  To satisfy this standard, the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 8

plaintiff's complaint should set forth allegations respecting all material elements of a particular claim. *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1130 (N.D. Cal. 2005).

A complaint may properly be dismissed when it is "vague, conclusory, and general and does not set forth any material facts in support of the allegations." *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983). More specifically, dismissal is appropriate when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1205 (C.D. Cal. 2004)(quoting *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

The Defendants argue that the FAC fails to satisfy the pleading requirements of Rule 8 because it is vague and consists entirely of conclusory allegations. While the Court is troubled by the vague and conclusory nature of the FAC, the FAC does provide the Defendants with "fair notice" of the nature of the Plaintiff's claims. Unlike the complaint dismissed in *Jacobson*, one can determine the identity of the defendants, the relief sought, and the theories alleged in the FAC. It is also possible to proceed with discovery by seeking the emails at issue.

**IX.  MOTION FOR A MORE DEFINITE STATEMENT**

A defendant may move for a more definite statement when the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A motion for a more definite statement is not a remedy for a lack of

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 9

detail, however. *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002); *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003). Motions for a more definite statement are disfavored, leading some district courts to conclude that such motions should be denied if the missing information may be obtained through discovery. *Castillo*, 219 F.R.D. at 163; *Davison v. Santa Barbara High School District*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

The Defendants request an order compelling the Plaintiff to provide, for each and every allegedly offensive email:

    1) The address to which it was sent;

    2) The date on which it was sent;

    3) The basis upon which the Plaintiff claims it violates a statute; and

    4) The basis upon which the Plaintiff claims the Defendants sent it.

(Ct. Rec. 104 at 8.) The Plaintiff argues that all of the information the Defendants seek has been provided in discovery.

The Court finds that the nature of the Plaintiff's claims, combined with the vagueness of the FAC, presents an exceptional circumstance that warrants a more definite statement. While the FAC provides notice concerning the nature of the Plaintiff's claims, it is nevertheless so ambiguous that the Defendants cannot reasonably be expected to frame a responsive pleading. Specifically, the FAC does not identify the emails at issue. Without such identification, the Defendants have no way of knowing if they should "admit" or "deny" sending the emails. Nor is it possible to "admit" or "deny" that an

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 10

email violates any of the statutes at issue without first knowing the content of the email.

Even if the Defendants have been provided with the emails through discovery, a more definite statement is necessary to prevent the Plaintiff from presenting a moving target. While not all of the information requested by the Defendants is necessary to achieve this end, the Plaintiff must identify the emails at issue, the time frame during which they were sent, and the basis upon which he claims the Defendants sent the emails. Attempting to litigate a claim without first identifying the acts and documents that gave rise to the claim is contrary to the "just, speedy, and inexpensive determination of the action" required by Federal Rule of Civil Procedure 1.

**CONCLUSION**

Following this Court's disposition of the Defendant's Second Motion to Dismiss, the Plaintiff may continue to pursue his claims under Washington's Commercial Electronic Mail Act, Washington's Consumer Protection Act, Washington's Deceptive Offers statute, Washington's Identity Crimes statute, and the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act. The Plaintiff's may amend the FAC to allege damages under the Prize Statute. Finally, the Plaintiff must provide the Defendants with a more definite statement as specified below. Accordingly,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion to Strike Plaintiff's Response, **Ct. Rec. 106**, is **DENIED.**

2. The Defendants' Motion to Dismiss the First Amended Complaint,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 11

**Ct. Rec. 98,** is **GRANTED IN PART** and **DENIED IN PART.**

3. The Plaintiff may amend Section 4.3 of the First Amended Complaint to allege damages under the Prize Statute.

4. The Plaintiff shall file a more definite statement identifying:

    a) The number of emails at issue;

    b) The time frame during which the emails were sent;

    c) The addresses and domain names that received the emails; and

    d) A brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails.

5. The Defendants' Motion to Expedite Defendants' Motion to Strike Plaintiff's Response, **Ct. Rec. 109,** is **DENIED AS MOOT.**

6. The Defendants' Motion to Strike Portions of the Declaration of James S. Gordon, Jr., **Ct. Rec. 112,** is **DENIED AS MOOT.**

7. The Defendants' Motion to Expedite Defendants' Motion to Strike Portions of the Declaration of James S. Gordon, Jr., **Ct. Rec. 115,** is **DENIED AS MOOT.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  19th  day of June, 2007.

                      s/ Fred Van Sickle
                        Fred Van Sickle
                United States District Judge