UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>ASCENTIVE, LLC, a Delaware limited liability company, ADAM SCHRAN, individually and as part of his marital community; JOHN DOES I-X,<br><br>    Defendants. | No. CV-05-5079-FVS<br><br>ORDER OF DISMISSAL |

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Plaintiff's Amended First Amended Complaint, Ct. Rec. 169. The Plaintiff is proceeding pro se. The Defendants are represented by Floyd E. Ivey.

The Court has previously held that the Plaintiff's complaint must identify four categories of information in order to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. It has twice permitted the Plaintiff to amend his pleadings in order to provide this information. The Plaintiff has failed to do so. The case will accordingly be dismissed.

**BACKGROUND**

On June 19, 2007, the Court denied the Defendants' motion to dismiss the Plaintiff's First Amended Complaint ("FAC"). Order

ORDER OF DISMISSAL- 1

Denying Defendants' Motion to Dismiss, Ct. Rec. 133 ("June 19 Order"). The Court expressed concern, however, that the FAC relied upon vague statements and conclusory allegations. *Id*. at 10-11. Specifically, the Court found that the FAC's failure to identify the emails at issue rendered it impossible for the Defendants to frame a responsive pleading. It also found that, without a more particular description of the emails, the Plaintiff's claims could easily become a moving target. *Id*. at 11. The Court accordingly directed the Plaintiff to file a more definite statement identifying:

    a) The number of emails at issue;

    b) The time frame during which the emails were sent;

    c) The addresses and domain names that received the emails; and

    d) A brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails.

*Id.* at 12.

The Plaintiff filed a more definite statement on June 25, 2007, Ct. Rec. 134. Like the FAC, it failed to limit the Plaintiff's claims to "a particular set of emails during a particular period of time." Order Granting In Part and Denying In Part Motion to Strike, Ct. Rec. 145 at 2. The Court ordered the Plaintiff to file an amended pleading setting forth the information described in its June 19 Order, thereby giving the Plaintiff "one final opportunity to remedy his vague complaint." *Id.* at 2-3.

The Plaintiff thereafter filed his Amended First Amended Complaint, Ct. Rec. 151 ("AFAC"). The AFAC differs from the FAC in only one respect of significance to the present motion: five exhibits

ORDER OF DISMISSAL- 2

are attached to the AFAC.  Exhibit A consists of a compact disc containing the commercial emails at issue in this litigation.  AFAC ¶ 3.7.  Exhibit B consists of three requests the Plaintiff sent to the Defendants asking them to stop sending him commercial emails.  *Id.* ¶ 3.8.  Exhibit C consists of a certified letter the Plaintiff sent to the Defendants asking them to stop sending him commercial emails.  *Id.* ¶ 3.11.  Exhibit D consists of two emails sent by the Defendants in response to the certified letter of Exhibit C.  *Id.*  Finally, Exhibit E consists of three sample commercial emails.  *Id.* ¶ 3.17.

Before the Defendants had filed their response to the AFAC, the Plaintiff's attorney moved to withdraw.  The Court found that, under the circumstances presented in the motion to withdraw, further vigorous legal representation would be impossible.  It accordingly granted the motion and stayed the action for 60 days in order to enable the Plaintiff to obtain new counsel.  Order Granting Motion to Withdraw, Ct. Rec. 174.  The Plaintiff has not obtained new counsel.

The Defendants move to dismiss the AFAC on the grounds that it fails to comply with either the requirements of Rule 8 or this Court's prior orders.  The Court agrees.  As noted above, the AFAC is substantially identical to the FAC.  The Plaintiff's complaint continues to rely upon vague allegations.  It also fails to "limit his claims to a particular set of emails sent during a particular period of time."  Order Granting In Part and Denying In Part Motion to Strike, Ct. Rec. 145 at 2.

Attachments A-E compound rather than cure these defects.  A pleading burdened with thousands of attachments is neither short nor

ORDER OF DISMISSAL- 3

plain. The emails and correspondence previously exchanged by the parties would be a proper subject for discovery, summary judgment, and trial. It is neither necessary nor appropriate to include them in the complaint. The AFAC's sheer volume renders it unusable. It will accordingly be dismissed. The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion to Dismiss Plaintiff's Amended First Amended Complaint, **Ct. Rec. 169**, is **GRANTED.**

2. This action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel **and the Plaintiff**, and **CLOSE THE FILE.**

**DATED** this  18th  day of July, 2008.

           s/ Fred Van Sickle          
           Fred Van Sickle
Senior United States District Judge

ORDER OF DISMISSAL- 4